THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**IN ADMIRALTY**

IN THE MATTER OF:

**SARASOTA YOUTH SAILING PROGRAM, INC.,** as owner of the *Caribe I*, a 2011 Caribe DL20 motor vessel bearing hull identification number EMDU0004K011 and Florida Registration: FL 6031, together with its Engines, Tackle, Appurtenances, Equipment, & Etc., in a cause for Exoneration from or Limitation of Liability,

        Petitioner.

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner **SARASOTA YOUTH SAILING PROGRAM, INC. ("SYS"),** as owner of the *Caribe I*, a 2011 Caribe DL20 motor vessel bearing hull identification number EMDU0004K011 and Florida Registration: FL 6031, together with its Engines, Tackle, Appurtenances, Equipment, & Etc., in a cause for Exoneration from or Limitation of Liability, pursuant to Supplement Rule F of the Federal Rules of Civil Procedure and 46 USC § 30501 *et seq.*, file their Complaint for Exoneration from or Limitation of Liability, and allege as follows:

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h) and Local Admiralty Rule 7.01(d).

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C §30501*, et seq.*

3. The vessel at issue is the Motor Vessel *Caribe I*, a 2011 Caribe DL20 motor vessel bearing hull identification number EMDU0004K011 and Florida Registration: FL 6031, and its Engines, Tackle, Appurtenances, Equipment, & Etc., (hereinafter the "Vessel") is a seagoing vessel per 46 U.S.C. § 30506(a).

4. At all times material hereto, SYS was the owner of the Vessel.

5. This Complaint is filed within six (6) months of Petitioners' receipt of first written notice of a possible claim against them, arising from the subject incident and subject to exoneration from or limitation of liability.

6. Venue is proper pursuant to Supplemental Rule F(9) because the incident giving rise to potential claims of liability against Petitioner occurred within this Court's jurisdiction and because the Vessel was and is within this district.

7. The incident involving the Vessel occurred on or about November 21, 2020, in Florida territorial waters in Sarasota Bay near the John Ringling Causeway, Sarasota, Florida (the "Incident").

8. The Incident allegedly resulted in the death of sailor Ethan Isaacs and injuries to others sailors in the area surrounding the Vessel.

9. At all times material hereto, the Vessel was seaworthy, properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

10. The Incident and any ensuing property loss, damages, personal injury, death, and/or casualty were not caused by Petitioner's fault, or any person for whose

actions Petitioner is responsible. Neither Petitioner nor the Vessel are liable to any extent, and Petitioner is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

11. Alternatively, and without admitting liability, Petitioner alleges that in the event it or the Vessel should be held at-fault to any parties by reason of the Incident set forth above, Petitioner claims such fault was occasioned and occurred without the privity or knowledge of Petitioner or any of its members, managers, directors, officers, stockholders, or any persons whose actions Petitioner is responsible, at or before the Incident.

12. The Vessel's value at the time of the Incident was $30,000. There was no pending freight at the voyage termination. *See* Ad Interim Stipulation of Value, filed concurrently with this action.

13. Subject to an express reservation of rights, Petitioners file contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value in the amount of $30,000.

14. Should the Court require it, Petitioner is prepared to give bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner respectfully requests:

a. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioner seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, its underwriters, or any of their property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioner's interest therein and pending freight, if any, per Local Admiralty Rule 7.06, and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

d. This Court adjudge Petitioner and the Vessel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the Vessel, and may be divided pro rata among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or its property as result of or in connection with the Incident; and

e. This Court grant Petitioner such other and further relief that justice may require.

Dated:   January 20, 2021

                                          Respectfully submitted,

                                          */s/   David N. Gambach*
                                          David N. Gambach, Esq.
                                          Florida Bar No. 8540
                                          Evan S. Gutwein, Esq.
                                          Florida Bar No. 58741
                                          HAMILTON, MILLER & BIRTHISEL, LLP.
                                          150 Southeast Second Avenue, Suite 1200
                                          Miami, Florida 33131
                                          Telephone 305-379-3686
                                          Facsimile 305-379-3690
                                          Dgambach@HamiltonMillerLaw.com
                                          EGutwein@HamiltonMillerLaw.com
                                          EPerez@HamiltonMillerLaw.com
                                          *Attorneys for PETITIONER.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2021, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.

<u>/s/   *David N. Gambach*</u>
David N. Gambach, Esq.