UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

In the matte of SARASOTA YOUTH
SAILING, INC., as owner of the
Caribe I, a 2011Caribe DL20 motor
vessel bearing hull identification number
EMDU0004K011 and Florida Registration:   Case No: 8:21-cv-150-CEH-CPT
FL 6031, together with its Engines, Tackle,
Appurtenances, Equipment, & Etc., in a
cause for Exoneration from or Limitation
of Liability,

      Petitioner,

_____

**ORDER GRANTING PETITIONER'S
MOTION FOR FINAL DEFAULT JUDGMENT
AS TO ALL NON-FILING CLAIMANTS**

      This cause came before the Court on Petitioner's Unopposed Motion for Entry of Final Default Judgment of Exoneration Against all Persons and Entities who did not Respond to the Petition for Limitation. Doc. 42. This case involves an admiralty complaint for exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Admiralty and Maritime Claim Rules. *See* Doc. 1. The Court, having considered the motion and being fully advised in the premises, will grant Petitioner's Motion for Final Default Judgment as to all Non-Filing Claimants.

I.  **BACKGROUND**

In its Petition for Exoneration from or Limitation of Liability, the Petitioner, as owner of the vessel *Caribe I*, requested that this Court notice all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to the Petitioner's claim and order such parties to file their respective claims with the Clerk of this Court. Doc. 1.  Moreover, as relevant here, the Petitioner also sought a judgment that the Petitioner, the vessel, and its owners, masters, crew, employees, and agents, are not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the incident described in the Petition. Doc. 1.  Following the filing of the complaint, Petitioner also filed its *Ad Interim* Stipulation of Value and Stipulation for Costs. Doc. 3.  And on February 17, 2021, the Court entered its Order Approving *Ad Interim* Stipulation of Value, Directing Issuance of Monition and Injunction, ordering any claimants to file their respective claims with the Clerk of Court and file an answer to the complaint by April 30, 2021. Doc. 7. At that time, the Court also ordered that public notice of the Monition be given by publication as required by Rule F of the Supplemental Admiralty and Maritime Claim Rules. *Id.* Then, in accordance with the Order, a Monition, commanding the Marshal to cite persons or corporations, in respect of which the Petitioner seeks limitation, to file their respective claims with the Clerk of this Court and to serve on or mail to the Petitioner's attorneys copies thereof on or before April 30, 2021, or be defaulted. *See* Doc. 7; Doc. 8-1.

Thereafter, the Court, upon Petitioner's Motion, corrected Petitioner's name. *See* Doc. 14. Because there was a name change, an Amended Monition was issued with the corrected name directing claims to be filed by August 19, 2021. *See* Docs. 24, 34, 36.

Pursuant to Supplemental Rule F(4), Petitioner sent notices to all known potential claimants. *See* Doc. 38. In addition, pursuant to Supplemental Rule F(4), Petitioner published a copy of the Amended Monition in *The Herald-Tribune*, a daily newspaper published in the City of Sarasota and of general circulation in the Counties of Sarasota, Manatee and Charlotte, Florida on July 16, 2021; July 23, 2021; July 30, 2021; and August 6, 2021. *See* Doc. 39.

Claims were filed by: 1) Estate of Ethan Max Isaacs, 2) Riley Baugh, and 3) Lauren Taylor Nock. *See* Docs. 10, 16, and 17, respectively. There were no other claims or responses to the Complaint for Exoneration from or Limitation of Liability. Nor has there been any request for additional time to make a claim or otherwise respond to the Complaint for Exoneration from or Limitation of Liability.

Thus, Petitioner requested, and the Clerk entered, a Clerk's Default as to all persons and entities that did not make claims or otherwise respond to the Petition. *See* Doc. 40. The Clerk's Default was entered on August 24, 2021. *See* Doc. 41. To date, no other claimants have appeared or moved to set aside the Clerk's entry of default. The Petitioner now requests this Court enter a final default judgment as to all non-appearing claimants.

## II. LEGAL STANDARD

Pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, a shipowner can limit its liability for certain claims involving its vessel to the value of the vessel. *See Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019) ("The Act establishes a procedure by which a shipowner can limit its liability for certain claims involving one of its vessels to the value of the vessel plus its then-pending freight.") (citing § 30505(a)). *See also* Rule F of the Local Admiralty and Maritime Rules.

## III. DISCUSSION

Here, based on a review of the record, Petitioner has complied with the relevant rules. Aside from the Estate of Ethan Max Isaacs, Riley Baugh, and Lauren Taylor Nock, no other persons or entities have responded, answered and/or filed claims by the prescribed August 19, 2021, deadline. And to date, no other claimants have appeared, presented claims, moved for more time to make claims, or moved to set aside the Clerk's entry of default. *See In re Vass*, No. 9:17-cv-81031-MIDDLEBROOKS, 2018 WL 11229125, at *2 (S.D. Fla. Feb. 12, 2018) ("Where publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they received actual notice thereof or not, and if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other.") (citing *Dowdell v. U.S. Dist. Court for N. Dist. Of Cal.*, 139 F. 444, 445-46 (9th Cir. 1905)).

As Petitioner has complied with the applicable Rules, an entry of default final judgment as to the non-appearing claimants is appropriate. *See Matter of Newport Freedog*, No. 8:18-cv-647-SDM-AEP, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018) (recommending that motion for default judgment against non-filing claimants be granted as plaintiffs satisfied their obligations under Supplemental Rule F(4), which included the publication of notice in the *Tampa Bay Times* for four consecutive weeks, with the notice indicating the deadline to file a claim or answer); *see also In re Vass*, 2018 WL 11229125, at *2 (granting petitioner's motion for entry of final default judgment for exoneration of liability as to non-claimants where the petitioner complied with admiralty rules). *And see In re Fun Time Boat Rental & Storage, LLC,* 431 F. Supp. 2d 993, 1002 (D. Ariz. 2006) (holding that Petitioner was entitled to exoneration when claimant failed to properly file a claim.); *Matter of Charles E. Collier,* No. 3:20-cv-119-BJD-PDB, Docket Entry 59 (M.D. Fla. July 9, 2021) (granting petitioner's motion for entry of final default judgment for exoneration of liability as to an individual, insurance company, and any and all claimants who failed to plead or otherwise defend any claim concerning the subject loss); *Matter of Mark A. Beauvios,* No. 2:10-cv-480-CEH-SPC, Docket Entry 41 (M.D. Fla. Jan 7, 2011) (directing the clerk of court to enter a final default judgment decreeing that the limitation plaintiff is exonerated from all liability for any and all losses, personal injury and/or death related to the subject vessel collision); *In re Sause Bros. Ocean Towing*, No. Civ. 89-609-RE, 1992 WL 220674, at *2 n.1 (D. Or. Feb. 25, 1992) (denying claimants' motion to respond to a limitation action after the time period prescribed by the court's monition expired and after the

5

court defaulted all potential claimants even though the new claimants contended that geographical barriers prevented them from receiving notice of the limitation proceeding); *See also Miller v. United States,* 78 U.S. 268, 301 (1870) (recognizing that a default in admiralty was the proper procedure when a person failed to file a claim of owner in an *in rem* proceeding.); *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.,* 313 F.2d 359, 361 (5th Cir. 1963) (affirming district court's entry of order noting default and denial of leave to file late claim *nunc pro tunc.).*

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Unopposed Motion for Final Default Judgment as to all Non-Filing Claimants with Request for Leave to Provide a Proposed Order and Final Judgment (Doc. 42) is **GRANTED**.

2. All persons and entities who have failed to timely respond, file claims and/or answers by the amended monition deadline are hereby defaulted and barred from filing future claims against Petitioner Sarasota Youth Sailing. Inc., and the vessel *Caribe I*, a 2011 Caribe DL20 motor vessel bearing hull identification number EMDU0004K011 and Florida Registration FL 6031PF, and its masters and crew, arising from the events more fully described in Petitioner's complaint.

3. Pursuant to Fed. R. Civ. P. 58, the Court will enter a separate final judgment against all non-appearing claimants, persons, and entities.

4. Specifically excluded from this default are claimants Estate of Ethan Max Isaacs, Riley Baugh, and Lauren Taylor Nock.

**DONE AND ORDERED** in Tampa, Florida on September 17, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any